M.L.C. CORPORATION, INC., *et al.*, Plaintiffs-Appellees, *v.* IRENE E. PALLAS *et al.*, Defendants-Appellants.

First District (5th Division)   No. 77-752

Opinion filed April 21, 1978.

Andrew A. Golko and John T. Dzialo, both of Andrew A. Golko & Associates, of Chicago, for appellants.

Law Offices of Philip S. Aimen, of Chicago (Richard S. Weinberg, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Irene E. Pallas, appeals from orders denying her petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) and her subsequent petition for rehearing. The section 72 petition sought to vacate an order of default and a decree of foreclosure entered against the defendant in an action to foreclose a trust deed which secured a promissory note.

The sole issue on appeal is whether the trial court erred in denying the petitions. Defendant contends: (1) that the plaintiff's failure to submit a responsive pleading to the section 72 petition precluded it from challenging the petition's sufficiency, and (2) that the defendant's petition set forth facts sufficient to show that she is entitled to relief under section 72 and thus the petitions should have been allowed.

Plaintiff, M.L.C. Corporation, Inc. (hereinafter MLC), filed a complaint on September 5, 1974, to foreclose a trust deed on the defendant's home. The caption on the complaint shows the defendants as "Irene E. Pallas and 'Unknown Owners.' " Paragraph 3.H. of the complaint reads:

"Face amount of indebtedness and manner of payment: $13,200.00 payable to M.L.C. Corporation, Inc. in sixty monthly installments as follows: $220.00 on the 12th day of May, 1974 and $220.00 on the 12th day of each month thereafter until the entire sum is paid,

except that the final installment, if not sooner paid, shall be due on
the 12th day of April, 1979."

Attached to the complaint as an exhibit is the promissory note secured by the trust deed. The note was signed "Mrs. Irene E. Pallas." Under the signature appear the words: "Irene E. Pallas d/b/a Pallas Antiques." The note also states that, in addition to the trust deed, it is secured by·"a security agreement covering all presently existing and hereinafter acquired machinery, equipment, fixtures, inventory, accounts, accounts receivable and other items." No other references to the defendant's doing business as "Pallas Antiques" appear in any of MLC's pleadings or elsewhere in the record until the proceedings on the section 72 petitions upon which this appeal is based.

Substitute service was made upon the defendant's sister at the defendant's residence on September 11, 1974. The defendant filed no responsive pleadings and did not appear on the matter. Pursuant to statute (Ill. Rev. Stat. 1975, ch. 95, par. 22b), MLC filed an affidavit prepared by its attorney which stated in pertinent part:

"8. There is now due and owing on said Note the following amounts:

| | |
|---|---:|
| Unpaid Principal Balance | $12,980.00 |
| Late charges @ $22 per month for 8 mos. for period from 6/12/74-1/12/75 inclusive | 176.00 |
| Total Due on Note | $13,156.00 |

9. * * *

| | |
|---|---:|
| Total Costs and Expenses | $1,339.56 |

so that there is due and owing to the Plaintiff herein, M.L.C. CORPORATION, INC., for principal, interest, court costs and other expenses, including attorney's fees herein, the total sum of $14,495.56."

On February 5, 1975, the trial court entered a decree of foreclosure against the defendant for $14,495.56, in accordance with MLC's affidavit. A sheriff's sale was held on March 4, 1975, and MLC was the successful bidder with a bid of $13,000. The sheriff's report of the sale was approved on March 6, 1975, a deficiency judgment of $1,843.80 entered against the defendant, and a receiver appointed.[1] On October 22, 1975, after the expiration of the period for redemption, MLC filed a petition for a writ of assistance, with the defendant being notified by mail of the hearing on the petition. The trial court granted the writ of assistance on October 22, 1975.

---

[1] The record does not show that the receiver qualified or took any action or in any way attempted to control the property.

On November 5, 1975, the defendant, represented by counsel, filed a petition to vacate the order granting the writ of assistance, to enter and continue MLC's petition for writ of assistance, and to allow defendant's counsel leave to file its appearance. The petition alleged that the notice of motion was received by the defendant on the date it was set for hearing and after the time set. Her petition further alleged that although the notice of motion stated it was mailed on October 16, 1975, and its envelope showed a postmark of October 20, 1975, and that the service was contrary to rules of the circuit court of Cook County. The envelope was attached to the petition as an exhibit. Finally, the petition alleged that more time was needed by the defendant and her counsel because of the possibility of the existence of a defense to the action. The court denied the defendant's petition but stayed the execution of the writ of assistance to December 2, 1975.

On February 4, 1977, the defendant filed a verified petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) to vacate the default order and foreclosure decree of February 5, 1975, and to allow her to respond to MLC's complaint. The petition stated, in part:

> "10. That the complaint failed to include the fact that the note signed by Petitioner to Plaintiff was wholly founded upon a personal loan made by Plaintiff to Petitioner on April 12, 1974 in the amount of $7,000.00;
>
> 11. That the complaint further failed to indicate that the face amount of the $13,200.00 on the note represented the loan principal of $7,000.00 plus insurance costs of $1,023.00 plus interest for five years in the amount of $5,177.00 which sum constituted an annual rate of 15 per cent;
>
> 12. That the complaint of Plaintiff alleging that Petitioner's indebtedness of $12,980.00 failed to consider the refund due to Petitioner for unearned interest for 51 months which interest was reflected in the face amount of the note but which was not owing to Plaintiff because of its acceleration of the instrument; and further failed to consider the refund due Petitioner for pre-paid insurance covering the full 60 months of the loan term."

Defendant also alleged that she had no business experience and had relied on the superior knowledge of MLC, and that MLC had willfully and fraudulently misrepresented the amount of indebtedness in its complaint to induce an erroneous decree from the court.

The petition was accompanied by the defendant's affidavit, in which she stated that she is a widow with no business experience and that she has never been in any business whatsoever. According to her affidavit, the defendant sought a loan of $7000 from MLC in early April 1974 and MLC gave her various papers to sign, which she executed in blank. On April 12,

1974, the defendant received only a check for $7000 from MLC, with no other papers. After making "two or three payments" the defendant defaulted and was contacted by counsel for MLC in August 1974. MLC's lawyer demanded immediate payment of an amount in excess of $13,000.

Upon receiving notice on September 11, 1974, that MLC had filed a complaint against her, defendant states that she contacted an attorney who had previously represented her in another matter and informed him of the suit and her inability to pay MLC. The attorney told her he would look into the matter for her but added that there was little he could do if she was unable to pay the loan. Her affidavit states that the defendant thereafter "withdrew from the ongoing reality surrounding her."

In October 1975, the defendant sought advice from a second attorney and promptly furnished him with her notice of the October 22, 1975, hearing and petition for writ of assistance. The attorney appeared on behalf of the defendant on November 5, 1975, and petitioned the court to vacate the order of October 22 and to allow him to file his appearance on behalf of the defendant. Although the writ of assistance was stayed to December 2, 1975, defendant's petition was denied. The defendant subsequently received a letter from that attorney advising her that there was no more that he could do to help her. A copy of the letter was attached to the affidavit in support of the section 72 petition now on appeal.

The defendant's affidavit continues that, in December 1975, in order to stop the sheriff from proceeding with her forcible eviction pursuant to the writ of assistance, the defendant was able to borrow $16,350 from her sister and brother-in-law. The money was paid to MLC, according to its demand, and the eviction stopped. MLC then quit-claimed the property to the defendant.

A hearing on defendant's section 72 petition was held on February 16, 1977. MLC filed no responsive pleadings to the petition and the hearing was limited to oral argument, with no evidence offered or testimony taken. On February 17, 1977, the court entered an order denying the petition.

On March 16, 1977, counsel for the defendant filed a petition to vacate the order of February 17 which had denied the section 72 petition. The petition also requested that the cause be set for rehearing, alleging that the defendant had had no opportunity to begin substantial argument on the petition before the court denied the petition. The March 16 petition further alleged that the order entered on February 17, following the hearings on the earlier section 72 petition, was not supported by the record. The defendant then realleged its petition to vacate and again asked for vacatur of the February 5, 1975 default order and decree.

The matter was heard on March 17, 1977, and following arguments by

both parties, the defendant's petition was denied. The defendant has brought this appeal from the orders of February 17, 1977, and March 17, 1977.

OPINION

■■ The defendant first contends that because of the failure of MLC to respond to the defendant's section 72 petition MLC has waived its right to dispute the facts in the petition or to challenge its sufficiency. A section 72 petition may be challenged at any time on the grounds that it totally fails to state a claim upon which relief can be based, notwithstanding a failure to challenge the petition's sufficiency by motion to dismiss. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *De Jarnett v. Roseborough* (1968), 94 Ill. App. 2d 164, 236 N.E.2d 276.) Therefore, MLC may properly challenge the defendant's petition on appeal. However, because MLC did not challenge the defendant's petition in the trial court by way of a motion to strike or by an answer, this court can only consider whether the petition itself totally fails to show the petitioner is entitled to relief. (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116; *Carroll & Neiman, Inc. v. Silverman* (1975), 28 Ill. App. 3d 289, 328 N.E.2d 205.) That MLC's failure to plead in response to the defendant's petition was at the direction of the trial court does not have an effect on the scope of review allowed on this appeal. There being no responsive pleadings, the facts properly alleged in the defendant's petition and affidavit are not contradicted and must thus be taken as true for the purpose of determining whether or not it states a claim upon which relief can be granted. *Windmon v. Banks.*

We turn now to defendant's second contention, that the section 72 petition should have been allowed because it sets forth facts sufficient to show that the defendant is entitled to relief. Whether or not a section 72 petition should be granted lies within the sound discretion of the trial court, and unless an appellate court finds that the trial court abused that discretion, the trial court's decision will not be disturbed. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684; *City of Des Plaines v. Scientific Machinery Movers, Inc.* (1972), 9 Ill. App. 3d 438, 292 N.E.2d 154.) If the allegations in the defendant's petition are not sufficient to support an order vacating the default judgment, we must find that the trial court did not abuse its discretion.

■■ Two elements are generally necessary to establish a legally sufficient section 72 petition, namely a meritorious defense or claim in the original action, and due diligence on the part of the petitioner. (*Esczuk v. Chicago Transit Authority.*) The defendant, in seeking to set aside the default judgment, must allege facts in support of her claim that he has a meritorious defense. The defendant's petition alleges that her valid

defense against MLC's claim is that the note which MLC sought to foreclose was based on a personal loan in an amount far less than that claimed by MLC in its complaint, that the amount claimed by MLC constitutes an annual interest rate of 15 percent, and that MLC willfully misled the trial court by misrepresenting the amount of the defendant's indebtedness and thus induced an erroneous and excessive decree. These claims are supported by the defendant's affidavit and, taken as true in the absence of a responsive pleading, do not totally fail to state a claim upon which relief can be based.

It is necessary also to determine whether or not the defendant's petition totally fails to allege any facts upon which the trial court could find that reasonable diligence had been exercised by the defendant. In the section 72 proceeding the defendant must show that she acted diligently before the default order was entered and that under the circumstances she acted reasonably rather than negligently when she initially failed to prevent the entry of that default order, and that the entry of the default order was due to excusable mistake on her part. (*Riley v. Unknown Owners* (1972), 6 Ill. App. 3d 864, 286 N.E.2d 806.) A section 72 petition is not intended to relieve a party from the consequences of her own mistake or negligence. *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.

The defendant has stated in her affidavit in support of her section 72 petition that her first attempts to obtain counsel at the initiation of the original action resulted in her being told there was little that could be done if she could not pay on the note. Upon receipt of the notice of motion and petition for writ of assistance on October 22, 1975, the defendant sought legal counsel from a second attorney who withdrew from the case when his petition to vacate the writ was denied. At the time the defendant borrowed the money from her sister to repurchase her home and to prevent her own eviction, she was directed to yet another attorney who represented her in the section 72 proceedings and represents her on this appeal.

■■ The purpose of section 72 proceedings is to allow a party to bring facts before the court which, if they had been known at the time the court entered its judgment, would have prevented the court from doing so. (*Brockmeyer v. Duncan.*) The defendant's section 72 petition alleges that, upon being retained as counsel, defendant's attorney began an investigation that did not disclose the full facts of the alleged misrepresentation until approximately one year later, in January 1977. The section 72 petition was filed on February 4, 1977. The defendant further states in her affidavit that she had been unable, up to that time, to allege or prove the facts surrounding her transaction with MLC.

■■ ■ Even assuming *arguendo* that the defendant's actions, on their own, do not show due diligence on her part, the question of due

diligence is not to be seen in a vacuum. Rather, all of the attendant circumstances must be considered in determining whether or not the defendant was diligent. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.) Even when the courts have not entirely approved of a party's course of conduct or questioned whether diligence has in fact been shown, section 72 petitions may be allowed when justice and good conscience so require. (*Mueller v. Ostrowski; Diner's Club, Inc. v. Gronwald* (1976), 43 Ill. App. 3d 164, 356 N.E.2d 1261.) The facts alleged in the defendant's petition and affidavit show that the defendant relied upon the superior knowledge of MLC in their dealings, and it was not until nearly two years after the default order, and one year after the defendant was forced to repurchase her home from MLC to prevent her eviction, that the defendant became fully aware of the misrepresentations made to her and the court by MLC. Under these circumstances the actions of the defendant can be considered reasonable and any neglect on her part may be deemed as excusable.

Furthermore, we must note that we are not concerned in this appeal with whether or not the defendant was, in fact, diligent in presenting her defense, but, rather, whether she has properly pleaded that she was diligent under the circumstances in bringing her defense before the court. To determine whether or not the defendant was diligent would be to determine the merits of the case. As stated previously, in the absence of any pleadings by MLC which contradict the defendant's allegations, we are limited to deciding only the question of the sufficiency of the defendant's petition on its face.

■■■ MLC contends that the defendant's petitions are barred by laches and mootness. Regarding the laches argument, it is sufficient to say that the question of laches is not the same as the question of diligence and that laches will not act as a bar to this section 72 petition which was brought within two years after the default decree was entered, as required by section 72. (*Lingerman v. Elgin, Joliet & Eastern Ry. Co.* (1960), 24 Ill. App. 2d 1, 163 N.E.2d 854. See also *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90.) Nor have the issues between MLC and the defendant been mooted by the reconveyance of the property to the defendant. The original action brought by MLC was based upon a debt owed by the defendant to MLC. The defendant has alleged in her petition that MLC, through willful misrepresentations to both the defendant and the court, has been able to obtain an amount of money from the defendant that far exceeds the actual amount lawfully due. That issue has not been extinguished by the fact that the defendant regained title to and possession of her home. Moreover, there is no merit to MLC's argument that the defendant's title depends upon the very judgment she seeks to vacate and that possible third parties may be affected. It is well

established that conveyances between litigants, made pursuant to an order or judgment, are made subject to modifications of that judgment (*cf. First National Bank v. Road District No.* 8 (1945), 389 Ill. 156, 58 N.E.2d 884) and that the rights of third parties who are bona fide purchasers, and whose title depends upon an order or decree, are protected. (Ill. Rev. Stat. 1975, ch. 110, par. 72(5).) Clearly, the instant case does not involve any third parties.

The courts will not enforce a default judgment which is surrounded by unfair, unjust or unconscionable circumstances. (*Elfman v. Evanston Bus Co.*) The defendant has shown in her petition and affidavit that MLC obtained what appears to be an excessive judgment through the misrepresentation of facts to her and the court. A judgment thus obtained cannot be allowed to stand and, in the absence of pleadings to the contrary by MLC, the trial court erred in denying the defendant's petition to vacate the order of default and the decree of foreclosure. The section 72 petition should have been granted and the defendant allowed to plead any defenses and counterclaims to MLC's complaint which she may assert for a determination of the issues. We do not intend nor express any opinion as to the merits.

Accordingly, the order of the circuit court of February 17, 1977, denying the defendant's section 72 petition is reversed and the petition is granted; the order denying rehearing is also reversed; the order of default and the decree of foreclosure of February 5, 1975, are vacated; and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Orders reversed; petition granted; decree and order vacated; cause remanded.

SULLIVAN, P. J., and LORENZ, J., concur.