VERSON ALLSTEEL PRESS CO., Plaintiff-Appellant and Cross-Appellee, *v.*
MACKWORTH REES, DIVISION OF AVIS INDUSTRIAL, INC., Defendant-
Appellee and Cross-Appellant.—(OTTO FRANKENBUSH, INC., Defendant.)

First District (3rd Division)    No. 78-487

Opinion filed on rehearing August 12, 1981.

Rebecca Maxwell, of Schwartz & Freeman, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Norman J. Barry, Jr., and Charles B. Lewis, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Verson Allsteel Press Co., brought this action in indemnity against defendants, Mackworth Rees, Division of Avis Industrial, Inc. (hereinafter Avis), and Otto Frankenbush, Inc., to recover amounts expended in settling and defending a lawsuit brought by Isaiah Napier. Verson obtained a default judgment against Avis for both the settlement paid and attorney's fees incurred. Avis filed a petition to vacate the judgment under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The trial court ruled that Avis had failed to exercise due diligence and that Illinois law precluded the reimbursement of attorney's fees incurred in defending the underlying action. The court thus vacated that portion of the judgment allowing attorney's fees but declined to vacate the balance of the judgment awarding indemnity for the settlement paid. Both Verson and Avis have appealed. (Frankenbush filed an answer to Verson's complaint and is not involved in this appeal.)

On March 18, 1974, Napier brought suit in New Jersey against Verson and Avis to recover damages for an injury sustained while operating a press brake manufactured by Verson. This press brake incorporated a foot-switch activation device manufactured by Avis and sold by Frankenbush. After taking discovery depositions, Napier dismissed Avis from the suit. On March 23, 1976, Verson settled the Napier litigation in New Jersey by paying him $23,500.

On May 27, 1976, Verson filed the present suit in the circuit court of Cook County, claiming the amount paid in settlement and attorney's fees. Its complaint alleged that defendant manufactured and sold a foot switch which, by virtue of its design and manufacture, was defective and unreasonably dangerous for its intended use; that this condition existed when the switch left defendants' control and was installed in Verson's press brake; and that as a proximate result of this condition, Verson sustained damages in settling and defending the Napier litigation. On July 8,

1976, the sheriff made personal service of the summons on Eric Williams, an employee of Avis, at Avis' plant in Upland, Indiana. At Williams' request, the sheriff then served the summons personally on Leland Boren, president of Avis, at the main corporate office in Upland.

Avis failed to file an appearance or answer, and on November 23, 1976, a default order was entered against Avis on the issue of liability. On December 16, 1976, the trial court set January 11, 1977, as the date for the prove-up of damages. On December 22, 1976, Avis received a letter from Verson notifying it of the default order and of the scheduled date for the prove-up.

On January 11, 1977, Avis filed an emergency motion to vacate the default order and sought leave to file a special and limited appearance. It requested an extension of time in which to file a memorandum in support of the special appearance, and asked for a continuance of the prove-up. The trial court denied the motion to vacate the default order without prejudice to Avis' right to file a section 72 petition, but continued the prove-up to February 8, 1977. On January 31, 1977, Avis filed its special and limited appearance and a motion to quash service of summons for lack of jurisdiction.

On February 8, 1977, prior to a hearing on Avis' motion to quash, the prove-up was conducted. In order to preserve its jurisdictional objection, Avis did not attend. Verson introduced evidence of the settlement paid to Napier. The court requested and received a memorandum of law on the propriety of indemnification for attorney's fees. On February 22, 1977, the court entered a default judgment in favor of Verson and against Avis in the amount of $54,716.43. The sum included the $23,500 settlement and $31,216.43 attorney's fees.

At Avis' request, the hearing on its motion to quash was continued from March 16 to April 26, 1977. On the latter date, the trial court denied the motion to quash service. On April 27, 1977, Verson instituted supplemental proceedings to collect on the default judgment. On July 7, 1977, Avis sought a rehearing on the court's denial of its motion to quash. The court sustained Verson's objection to the motion for rehearing on July 14, 1977.

On July 29, 1977, Avis filed its section 72 petition to vacate the default judgment. The petition was amended on September 27, 1977. In its petition, Avis alleged that it had a meritorious defense, claiming that the foot switch was neither defective nor unreasonably dangerous and did not proximately cause or contribute to the injuries sustained by Napier. In a supporting affidavit, Napier's counsel stated that he could see no liability on the part of Avis for Napier's injuries and that Avis had a meritorious defense to Verson's claim. Avis further urged that it had exercised due diligence, and that its failure to respond to Verson's complaint prior to January 11, 1977, was attributable to excusable neglect. In an affidavit,

Boren stated that his signature appeared on the summons but that he did not recall having received the summons or what, if anything, was done subsequently with the document. Customarily, Boren would forward such document to Earl Morris, the insurance director of Avis. Avis' records did not reveal any notation evidencing receipt of the summons. Morris indicated by affidavit that he never received a copy of the summons and first learned of the default judgment on December 23, 1976. In opposition to Avis' petition, Verson submitted a memorandum and affidavit of the sheriff who served the summons. On November 22, 1977, the trial court entered the order from which both Verson and Avis have appealed.

On appeal, Verson contends that the trial court erred in vacating that portion of the default judgment awarding indemnification for attorney's fees. Verson maintains that the court's reexamination of the issue of attorney's fees exceeded its power to grant section 72 relief. Avis, in its cross-appeal, argues that the trial court erred in finding a lack of due diligence and in denying its petition for section 72 relief.

A section 72 petition is addressed to the equitable powers of the court and is primarily concerned with the prevention of injustice. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Department of Public Works & Buildings v. Vogt* (1977), 51 Ill. App. 3d 770, 366 N.E.2d 310.) To warrant relief from a default judgment under section 72, the petitioner must plead and prove the existence of a meritorious defense and the exercise of due diligence both in presenting this defense and in filing the section 72 petition. (*Taxman v. Health & Hospital Governing Com.* (1980), 83 Ill. App. 3d 499, 404 N.E.2d 419; *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 400 N.E.2d 102; *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) The petitioner must show that its failure to defend was a result of excusable mistake, and that under the circumstances, it acted reasonably, and not negligently, when it failed initially to resist the judgment. (*Westphall v. Trailers, Campers, Campgrounds, Inc.* (1979), 76 Ill. App. 3d 205, 392 N.E.2d 741; *M. L. C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560.) In considering such petition, the court should determine whether a party has willfully disregarded the process of the court or is so indifferent to it that the party is chargeable with culpable negligence. (*Bird v. Kostbade* (1977), 52 Ill. App. 3d 741, 367 N.E.2d 1058.) Whether section 72 relief should be granted lies within the sound discretion of the trial court, and its decision will not be disturbed on appeal unless there is an abuse of discretion. *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

■■ Since we find it dispositive of the entire appeal, we initially consider Avis' contention on cross-appeal that the trial court erred in finding that it had not exercised due diligence. Avis urges that it did not willfully disregard the process of the court and that it committed, at most, excusable error in failing to respond to the summons prior to entry of the default. A party may not avail itself of section 72 relief unless it shows that, through no negligence or fault of its own, the existence of a valid defense was not made to appear to the trial court. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) Where a reasonable excuse is shown, however, a party should be allowed to have its day in court, provided no prejudice results to the opposing party. *Bird v. Kostbade*.

■■ The petition before us discloses that Avis had a regular procedure for handling legal documents. Boren customarily forwarded such documents to Morris for processing. Although the summons was served on Boren, the documents were never received by Morris. Consequently, unaware of the suit, Morris took no action in response to the summons. Morris did not receive notification of the November 23, 1976, default until December 23, 1976. Avis then filed its emergency motion to vacate the default on January 11, 1977. We do not believe that the breakdown of Avis' customary procedure for processing legal documents constitutes inexcusable neglect or demonstrates a conscious disregard of the court's process. (See *Bird v. Kostbade*; see also *Spencer v. American United Cab Association* (1965), 59 Ill. App. 2d 165, 208 N.E.2d 118; *Stehman v. Reichhold Chemicals, Inc.* (1965), 57 Ill. App. 2d 40, 206 N.E.2d 299.) This conclusion is strengthened by the fact that Avis filed its emergency motion to vacate only 19 days after Morris learned of the entry of the default. Avis did not treat the summons or Verson's complaint with indifference.

Verson charges, however, that Avis offers no reasonble excuse for failing to prevent entry of the final judgment on February 22, 1977, or for waiting approximately 5 months thereafter to seek section 72 relief. The record reveals that Avis was not idle or dilatory in pursuing its remedies prior to filing its section 72 petition. On January 31, 1977, Avis filed its special and limited appearance and motion to quash service of summons contesting jurisdiction. To preserve its pending jurisdictional objection, Avis did not attend the prove-up held on February 8, 1977. We reject Verson's suggestion that Avis' failure to schedule the hearing on its motion prior to the prove-up was unreasonable. Nor do we agree that the continuance of the hearing at Avis' request, from March 16 to April 26, 1977, in order to supplement its motion, constituted an inordinate delay. Verson further complains that following the denial of the motion to quash, Avis waited yet another three months to seek section 72 relief. The record reflects, however, that during this three-month period, Avis underwent a corporate change and secured new counsel, sought rehearing of

the denial of its motion to quash, and gathered the various affidavits submitted later in support of its section 72 petition. Fifteen days after the court sustained Verson's objections to its motion for rehearing, Avis filed its section 72 petition. We conclude that Avis' conduct did not amount to indifference or willful disregard of the process of the court so as to make it chargeable with culpable negligence or a lack of due diligence.

Avis' petition set forth sufficient allegations of fact to establish the existence of a meritorious defense to Verson's claim for implied indemnity. Verson's complaint alleged that Avis manufactured and sold a foot switch which was defective and unreasonably dangerous, and that as a direct and proximate result of this condition, Verson sustained damages in defending and settling the Napier litigation. In its section 72 petition, Avis stated that the foot switch was not defective or unreasonably dangerous and did not proximately cause Napier's injuries. By affidavit Napier's counsel stated that he could see no liability on the part of Avis for his client's injuries and that Avis retained a meritorious defense to Verson's claim. Such allegations suffice to show the existence of a meritorious defense. See *Keel v. Kostka* (1969), 106 Ill. App. 2d 172, 245 N.E.2d 607.

■■ The power to set aside a default and afford a party its day in court is based on substantial principles of right and wrong and is to be exercised for the prevention of injury and furtherance of justice. (*Keel v. Kostka*; *Spencer v. American United Cab Association.*) The determination of whether to set aside a default should be made within the framework of the legal philosophy that litigation should, if possible, be decided on its merits and that rights should be determined by default only as a last resort. (*Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 386 N.E.2d 291.) It is our view that Verson would not be prejudiced or suffer hardships by vacation of the default judgment. Proceeding to trial on the merits merely assures both parties a day in court.

In view of this absence of prejudice to Verson and Avis' demonstration of the requisite due diligence and meritorious defense, we are compelled to conclude that the trial court should have allowed Avis' section 72 petition to vacate the default judgment. In view of our holding, we need not address Verson's contention that the trial court's setting aside of the award for attorney's fees exceeded the scope of relief permitted by section 72.

For the foregoing reasons, the order of the circuit court of Cook County denying Avis' motion to vacate the default judgment is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

RIZZI, P. J., and McGILLICUDDY, J., concur.