GERHARDT MOHR *et al.*, Plaintiffs-Appellants, v. GARY PRIDEMORE *et al.*, Defendants-Appellees.

Fourth District   No. 4—86—0356

Opinion filed December 23, 1986.

Robert I. Auler, of Urbana, for appellants.

Curtis A. Anderson and Claudia Smith Anderson, both of Acton, Meyer, Smith, Miller & Anderson, of Danville, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiffs filed a petition for relief from final judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The defendants filed a motion to dismiss the petition for relief from final judgment, and after a hearing on the defendants' motion to dismiss, the trial court held that the order of December 17, 1984, dismissing the cause with prejudice following the settlement agreement and stipulation for dismissal was a final judgment for purposes of a petition for relief from final judgment. The trial court denied the plaintiffs' petition, granted the defendants' motion, and the plaintiffs filed a timely notice of appeal on May 20, 1986.

The plaintiffs filed a complaint and petition for temporary restraining order or preliminary injunction on August 16, 1982. The complaint alleged in substance: battery, trespass, and intentional infliction of emotional distress. A temporary restraining order was issued which was followed by a mutual preliminary injunction. A settlement agreement was then entered into between the parties, and a "Stipulation of Dismissal" was filed which stated that the "above cause of action is to all counts dismissed with prejudice as to the defendants, cause of action settled, all costs paid." On December 17, 1984, the trial court entered an order stating that "the above cause of action to the defendants Gary Pridemore and Nedra Pridemore, be and it is hereby dismissed with prejudice, and in bar of action, cause of action settled, all costs paid, and plaintiffs shall go hence without day."

The plaintiffs, in their section 2—1401 petition, alleged that the settlement agreement between the parties contained a covenant "to terminate *all further* controversy between the parties." (Emphasis added.) It further alleged specific conduct on the part of the defendants in that on "July 25-30 and August 1, 1985," defendants falsely reported to the Illinois Departments of Health and Labor and the EPA that plaintiffs were in violation of numerous regulations of the agencies, that on July 27, 1985, the defendant at 7 a.m. boarded a helicopter, circled plaintiffs' house creating tremendous noise, awak-

ening and frightening plaintiffs, harassed the plaintiffs, and fraudulently entered into the settlement with the plaintiffs. It is noted that plaintiffs do not allege or suggest a willingness to return the $11,250 paid by defendants for the release. The petition does not have attached to it any settlement agreement entered into between the parties. The defendants filed a motion to dismiss the petition and attached an exhibit entitled "Release of All Claims," signed by the plaintiffs, which in part provides to "release and forever discharge" the defendants from any "causes of action arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damages of any kind sustained or that we may hereinafter sustain in consequence of an incident that occurred on or about July 8, 1982." The release further stated that "said payment and settlement and compromise is made to terminate further controversy respecting all claims for damages that we have heretofore asserted, or that we or our personal representatives might hereafter assert because of said accident." It should be noted that this release was signed only by the plaintiffs in consideration of $11,250 paid by defendants.

■■ Two elements must be alleged in any petition under section 2—1401: first, that the petitioner had a valid claim and, second, that petitioner exercised due diligence in moving to vacate the judgment. (*M. L. C. Corp., Inc. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560.) Likewise, the purpose of a petition for relief from a judgment is to present to the trial court new matters of fact not appearing in the record, which, if known to the court when judgment was rendered, would have prevented its rendition. 59 Ill. App. 3d 504, 375 N.E.2d 560.

The plaintiff's citation to *Prendergast v. Rush-Presbyterian St. Luke's Medical Center* (1979), 78 Ill. App. 3d 538, 397 N.E.2d 432, is inapposite. In *Prendergast*, the defendant made certain representations which were the basis for the plaintiff's voluntary dismissal. The representations were made a part of the court's order of dismissal. The plaintiff's section 72 motion attacked the representations made in the consent dismissal order. In the instant cause, it is apparent from reviewing the stipulation for dismissal, release by plaintiffs, and order of dismissal that there is nothing to show either that the defendants have violated the court order or that the plaintiffs asserted any fraud in the procurement of the order of the trial court.

■■ A section 2—1401 petition invokes the equitable powers of the court as justice and fairness require. *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.

The supreme court in *Russell v. Klein* (1974), 58 Ill. 2d 220, 225, 317 N.E.2d 556, 559, in determining the purpose of a section 72 (now 2–1401) petition, stated that "the remedy contemplated by section 72 is available for relief based on matters which antedate the rendition of the judgment and not those which arise subsequent to its rendition."

As argued by the defendants, a section 2–1401 petition is not intended to relieve a party from the consequences of his own mistake or negligence. *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.

█ It is clear that the agreement released the defendants from claims and injuries arising out of the incident occurring on July 8, 1982. There is nothing in this record, in the stipulation for dismissal, the release of claims filed by the plaintiffs and signed by them, or the order of the court on the stipulation for dismissal which gives any credence to the plaintiffs' argument that there was fraud involved in the settlement of this case. The trial court was correct in dismissing the petition of the plaintiffs.

For the above reasons, we affirm the trial court.

Affirmed.

GREEN and WEBBER, JJ., concur.