JOHN T. CUNNINGHAM, SR., *et al.*, Plaintiffs-Appellants, v. MILLER'S GENERAL INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—89—0046

Opinion filed September 19, 1989.

Frank H. Byers, of Byers, Byers & Greenleaf, Ltd., of Decatur, for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Edward M. Kay, William J. Schaefle, Michael L. Foran, and Sonia V. Odarczenko, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

On December 19, 1988, the circuit court of Macon County vacated a default judgment entered against defendant Miller's General Insurance Company. Plaintiffs John and Cora Cunningham appeal this determination.

On March 2, 1987, plaintiffs' home suffered severe fire damage. Their home insurance carrier was defendant. After an extensive exchange of information, defendant denied coverage. Accordingly, on February 9, 1988, plaintiffs filed suit against defendant. Summons was served on defendant on February 23. No answer was filed, and on April 8, 1988, plaintiffs moved for and received a default judgment. On May 10, a hearing was conducted on damages, and defendant was not given notice. The court set the judgment at $65,478 plus attorney fees of $600.

On June 14, a nonwage garnishment summons was issued on defendant's bank account. On June 23, upon being advised of the garnishment, defendant filed a motion to stay execution of the judgment. This stay was entered. On June 28, defendant filed a petition to vacate the default judgment, pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401).

Defendant's petition alleged it acted with due diligence in that

upon being served with plaintiffs' complaint, the matter was forwarded to counsel in Chicago. This counsel, after reviewing the matter, prepared an answer and arranged for a Decatur law firm to serve as local counsel. On March 23, 1988, the answer was placed with an overnight delivery service for delivery to the Decatur law firm. It never arrived. The first anyone knew of the problem was when plaintiffs garnisheed defendant's bank account. This history was supported by numerous affidavits, including one by the delivery service that stated they turned the envelope over to Federal Express, and Federal Express records show it was not delivered.

The petition also alleged defendant had meritorious defenses of fraud and arson. Again, these allegations were supported by numerous affidavits. These affidavits establish that a trail of a combination of a petroleum naphtha and kerosene, which are combustibles, was found running between the bedrooms where the fire was located, and that the opinion of several experts who viewed the scene was that the fire was intentionally set. The petition also alleged plaintiffs were having financial problems and had a suspicious fire at the same residence several years earlier.

Plaintiffs' answer to the petition averred that defendant was negligent and not diligent by failing to follow up on the filing of the original answer. It further alleged, and supported with plaintiffs' affidavit, that plaintiffs did not set the fire, had received threats from disgruntled ex-tenants, and some unknown person had gained forced entry on the night of the fire.

After hearing arguments, the circuit court concluded:

"An attorney who undertakes the representation of a client has the obligation to the client, to the court, to the rules of practice and to the Supreme Court Rules to assure the timely filing of pleadings. These rules are there for a reason and they are to assure the orderly flow of cases through the system. At the same time justice requires that matters such as this be heard on their merits. While I feel very strongly that the defendant's counsel here was, as counsel has put it, mistaken as to their follow up to assure the timely filing of its answer, that nonetheless this court has long held the belief that matters should be heard on their merits unless there has been a flagrant violation of the laws of practice which in this case there is not. *** I am going to vacate this judgment because, as I said, it's my belief that matters should be heard on their merits, but at the same time, I hope if you undertake to represent clients in other counties outside your own county in the future,

that you take a little bit of time to learn what their rules of practice are."

■■■ Section 2—1401 of the Code provides a comprehensive statutory procedure for which judgments can be challenged more than 30 days after their rendition. To be entitled to relief under this section, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386; *First National Bank v. Mattoon Federal Savings & Loan Association* (1988), 175 Ill. App. 3d 956, 959, 530 N.E.2d 666, 668.) The quantum of proof necessary to sustain a section 2—1401 petition is a preponderance of the evidence. (*Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.) Whether such a petition should be granted lies within the sound discretion of the circuit court, depending on the facts and equities presented. (*Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386; *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 873-74, 449 N.E.2d 1021, 1022-23.) As such, a court of review is justified in disturbing the judgment of the circuit court only if it finds that the court abused its discretion. *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 378, 530 N.E.2d 230, 234; *Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.

It is readily apparent the court did not apply this standard in reaching its determination. Rather, the court based its decision on its belief that matters such as this one are better resolved on their respective merits. While we wholeheartedly agree with this general principle of law, this is not the standard for analysis in section 2—1401 petitions. We encourage the court in the future to make its decision based on the three recognized elements. However, even though the wrong analysis was applied, our independent review convinces us that the court's ultimate decision to vacate the default judgment should be affirmed.

Initially, plaintiffs contend the vacature order is incorrect because defendant failed to prove by a preponderance of the evidence that it had a meritorious defense. They note that the burden is on defendant, and that *Airoom* requires an evidentiary hearing be held when the facts are in contention. Since no evidence was presented, they maintain that defendant has not met its burden of proof as to the existence of a meritorious defense.

■■ It is correct that when the central facts, sufficient to support the grant of relief under section 2—1401 are controverted, an eviden-

tiary hearing must be held. (*Airoom*, 114 Ill. 2d at 223, 499 N.E.2d at 1387; *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 286, 433 N.E.2d 253, 259.) However, these "central facts" of a section 2—1401 petition are not those which would establish the underlying action, but rather facts which are sufficient merely to support an order vacating the judgment. *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 840, 449 N.E.2d 560, 564; *Yorke v. Stineway Drug Co.* (1982), 110 Ill. App. 3d 1009, 1014, 443 N.E.2d 644, 648.

■ In the case now before us, defendant has alleged, through numerous affidavits, facts that show the fire was intentionally set, that it was surrounded with some unusual circumstances, and that plaintiffs may have had a financial motive for setting the fire. Plaintiffs alleged facts which would show that they did not set the fire, and that some third person broke into the house and started it. This conflict of facts goes to the merits of the underlying action. It does not affect whether there is the *existence* of a meritorious defense. Accordingly, no hearing was required.

Further, the *Airoom* court observed that a party can waive this evidentiary hearing by failing to request one. (*Airoom*, 114 Ill. 2d at 223, 499 N.E.2d at 1387.) In the case at bar, neither party requested such a hearing. Therefore, even if one should have been held, it has been waived, and the determination is properly based on the pleadings, affidavits, and supporting materials in evidence. See *Airoom*, 114 Ill. 2d at 223, 499 N.E.2d at 1387.

■ As has been suggested by the above discussion, we find by a review of the documents that defendant has established the existence of a meritorious defense. Without going into great detail, defendant's petition and affidavits establish that plaintiffs had left the residence that evening to go to Chicago and had locked the house. Around 1 a.m., a fire was found in the home. Analysis found the presence of liquid accelerants at the fire scene. Experts concluded the fire was intentionally set. It was further alleged that six years prior to this, a similarly suspicious fire occurred in the residence and that plaintiffs' financial situation, according to their income tax statements, was precarious.

While plaintiffs refuted some of these allegations with their response and affidavits, it is not up to the court in a section 2—1401 petition to determine the ultimate outcome of the proceeding. Defendant has asserted sufficient facts which, if believed by the trier of fact, would defeat plaintiffs' claim. This is sufficient.

■ Plaintiffs next contend defendant has failed to show it acted with due diligence in defending the original lawsuit. Due diligence re-

quires the section 2–1401 petitioner have a reasonable excuse for failing to act within the appropriate time. (*Airoom*, 114 Ill. 2d at 222, 499 N.E.2d at 1386.) The petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake, and that under the circumstances, he acted reasonably, and not negligently, when he failed to resist the judgment. (*First National Bank*, 175 Ill. App. 3d at 960, 530 N.E.2d at 669.) The courts are primarily concerned with determining whether a party has wilfully disregarded the process of the court, or is so indifferent to it, that he is chargeable with culpable negligence. (*Beno*, 114 Ill. App. 3d at 874, 449 N.E.2d at 1023.) In determining the reasonableness of the excuse offered by the petitioner, all the circumstances attendant upon entry of the judgment must be considered, including the conduct of the litigants and their attorneys. *Airoom*, 114 Ill. 2d at 222, 499 N.E.2d at 1387.

The facts in *Verson Allsteel Press Co. v. Mackworth Rees, Division of Avis Industrial, Inc.* (1981), 99 Ill. App. 3d 789, 426 N.E.2d 241, are similar to our present situation. There, defendant's president was served with a summons. The evidence showed that it was the company's procedure for that document to be forwarded to the head of the insurance department. The evidence also showed it did not arrive there and, accordingly, defendant did not answer the complaint and was defaulted. The appellate court concluded that this breakdown in defendant's customary procedure for processing legal documents did not constitute inexcusable neglect nor demonstrate a conscious disregard of the court's processes, and it vacated the default order. See also *Bird v. Kostbade* (1977), 52 Ill. App. 3d 741, 367 N.E.2d 1058; *Spencer v. American United Cab Association* (1965), 59 Ill. App. 2d 165, 208 N.E.2d 118.

■ Similarly, in the present case, we find defendant exhibited due diligence. The record shows that upon receipt of this summons, it was sent to counsel in Chicago. This counsel arranged for local counsel to file the answer in the proper court. The answer was then sent by an overnight delivery service. The delivery service records show they received the package, but indicated it was not delivered. We do not believe this conduct shows inexcusable neglect or demonstrates a conscious disregard of the court's processes.

■ Admittedly, with better follow-up procedures by defendant's counsel, most of this could have been avoided. However, this does not alter the fact that defendant intended to contest the action, and defendant and his counsel acted promptly to answer the complaint. The fact the overnight carrier lost the package should not preclude

defendant from its desire to litigate the case on its merits. Where a reasonable excuse is shown, a party should be allowed to have its day in court, provided no prejudice results to the opposing party. (*Verson Allsteel*, 99 Ill. App. 3d at 793, 426 N.E.2d at 245.) Here, the only prejudice to plaintiffs is that they must now contest the matter on its merits, rather than receive a windfall through the default procedures.

Since defendant has proved the existence of a meritorious defense and that it acted with due diligence in the original action, its section 2—1401 petition should have been granted. Thus, even though the wrong standard was applied, we affirm the court's decision to vacate the default judgment.

Affirmed.

KNECHT and GREEN, JJ., concur.