ROBERT E. BIRD, JR., d/b/a Bird Building and Development, Plaintiff-Appellee, *v.* HOWARD KOSTBADE, Defendant-Appellant.

Third District   No. 76-538

Opinion filed September 26, 1977.

Edward J. Griffin and Gary Schuman, both of Defrees & Fiske, of Chicago, for appellant.

Donald R. Bird, of Princeton, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellee, Robert Bird, Jr., d/b/a Bird Building and Development, brought this action in the circuit court of Bureau County seeking to recover damages from the defendant-appellant, Howard Kostbade. Count I of the complaint alleged the defendant had violated an express warranty incident to the purchase of a used caterpillar tractor. Count II generally alleged fraud in connection with the sale of the tractor and sought prejudgment interest at the rate of 9 percent per annum and exemplary damages. The defendant defaulted and judgment was entered by the trial court for $2,176, the actual damages sought in count I of the complaint and also judgment for prejudgment interest and exemplary damages. Thereafter the defendant moved to vacate the judgment and for leave to answer the complaint. The court allowed the motion in part and denied the motion in part. The defendant has appealed from that portion of the judgment which refused to vacate that part of the former judgment against him. Plaintiff initiated this proceeding on September 15, 1975. Defendant was served with summons in Chicago on November 4, 1975, but did not thereafter file his appearance or any answer in response to the complaint. On December 19, 1975, the plaintiff appeared in court and the default order was entered. The case was continued until

December 29, 1975, at which time the plaintiff appeared, proved up his damages and the court entered judgment therefore. The judgment was for $2,176 compensatory damages, $750 exemplary damages and prejudgment interest at 9 percent per annum.

On April 30, 1976, the plaintiff caused a citation to discover assets to be served on the defendant. The defendant filed his limited appearance, moved to vacate the judgment and quash the summons. This motion was later amended to seek the vacation of the judgment and for leave to answer the complaint pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). Affidavits and counteraffidavits were filed and a hearing was held. After the conclusion of the hearing and upon the filing of briefs, the trial court vacated the judgment as to the exemplary damages and the 9 percent prejudgment interest. However, the trial court refused to vacate the judgment for compensatory damages. In its order the trial court indicated that it found the defendant had not used due diligence in responding to the court process and it was for this reason the court refused to vacate the balance of the judgment.

According to the affidavits and testimony it appears the defendant was the president and chief executive officer of several corporations all doing business at the same address in Chicago. Because of the inability to get service on the defendant through regular channels, a special process server was appointed and he served the defendant at his place of business in Chicago. At the time, the process server was accompanied by the attorney for plaintiff. It does not appear that any lengthy conversation took place at this time. According to plaintiff's counsel defendant said, "I'll see you in court."

According to the defendant, his usual and customary mode of handling legal documents which came to his attention was that they were routed to George Froelich who was controller one of the corporations and the person who handled such matters for defendant's businesses. Froelich would then refer the documents to legal counsel for appropriate further action. So far as the complaint and summons served upon him on November 4 are concerned, defendant had no particular recollection of receiving the documents and upon investigation could not find what had happened to them. He indicated that for some reason or other not known to him, the documents had not followed their usual route and for that reason no appearance or answer was filed. Defendant had no notice of the judgment entered against him until he received the citation on April 30, nearly four months later, at which time his response was prompt. According to the record, after the default judgment was entered an execution was issued, but returned with a notation "defendant not found." It is undisputed from the record there was no effort made to actually notify the defendant after the default judgment was entered on

December 29, 1975, and before the service of the citation on April 30, 1976.

According to the affidavits, the defendant declared that plaintiff purchased the tractor well aware of its condition and with full knowledge that repairs would be required. He also denied making any express representations which were breached.

Defendant has appealed from that part of the judgment which refused to vacate the judgment against him in the amount of $2,176. The plaintiff has filed no cross-appeal from the remainder of the judgment which did vacate the judgment as to prejudgment interest and exemplary damages.

On this appeal the defendant argues the trial court erred in failing to vacate the judgment in its entirety.

The rule is well settled that for a party to be entitled to relief from a judgment entered by default, section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) requires that facts be presented showing the party has a meritorious defense and exercised due diligence in responding to the process of the court. (*Dann v. Gumbiner*, 29 Ill. App. 2d 374, 173 N.E.2d 525.) The affidavits do show the existence of a meritorious defense to the complaint. While the facts presented by the affidavits indicate there is a dispute concerning the facts giving rise to the alleged liability, nevertheless, facts are presented which if proved and believed by the trial court would constitute a defense to the claim. The trial court shared this view since in its order the only reason specified for declining to vacate the judgment in its entirety was the reason the defendant did not act with due diligence.

Our inquiry on this appeal is thus directed to the narrower issue of the defendant's due diligence and whether the trial court erred in holding the defendant's conduct did not constitute due diligence.

In considering the defendant's motion, the court is applying its equitable powers "* * * as justice and fairness require, to the end that one may not enforce a default attended by unfair, unjust or unconscionable circumstances." (*Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 613, 190 N.E.2d 348, 350.) In order to resolve disputes efficiently and fairly our judicial system requires that parties respond in accord with the rules which have been established. Section 72 of the Civil Practice Act, as interpreted and applied by such cases as the *Elfman* case, does provide for situations where relief can be granted where there has not been literal compliance with the rules. In so doing the courts are primarily concerned with determining whether a party has willfully disregarded the process of the court or is so indifferent to it that he is chargeable with culpable negligence. If a reasonable excuse is shown then a party should be permitted to have his day in court, provided of course that no prejudice or hardship results to the opposing party.

In *Spencer v. American United Cab Association*, 59 Ill. App. 2d 165, 208 N.E.2d 118, the court observed: "The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and furtherance of justice." (59 Ill. App. 2d 165, 172.) The facts in the instant case are quite similar to those in the *Spencer* case. In that case the summons and complaint were forwarded by the defendant to the Department of Insurance because the defendant's carrier was in the process of liquidation. Defendant had no knowledge whether the documents were received by the Department, but in any event no appearance or answer was filed. A default judgment was entered against the defendant and after more than 30 days, a garnishment proceeding was instituted. Defendant upon learning of the garnishment action moved to vacate the default order and the court held the motion should be granted and the default vacated.

According to the affidavits, the defendant did have a regular procedure for handling legal documents in order that they be referred to attorneys for action. The procedure was shown to be reasonable and did not indicate any intention to disregard the process of the court, but on the contrary was intended to effectuate the necessary response. That the procedure broke down does not necessarily indicate indifference to or disregard of the court's process.

*Harder v. Advance Transportation Co.*, 26 Ill. App. 2d 439, 168 N.E.2d 777, the principal case relied upon by the plaintiff, appears to be contrary to the *Spencer* case in that in *Harder* the court views with disfavor a contention that there was a breakdown in the usual procedure which ordinarily would have resulted in the documents being forwarded to an attorney and a response filed. The *Harder* case was decided prior to the court's decision in *Elfman*. (*Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 190 N.E.2d 348.) In *Sterling Myers Ford Sales, Inc. v. Brown*, 33 Ill. App. 3d 619, 338 N.E.2d 149, the court observed: "We note that plaintiff has relied upon various authorities to support its contention that defendant did not exercise reasonable diligence, but inasmuch as these cases predate *Elfman*, they are not controlling." 33 Ill. App. 3d 619, 622-23, 338 N.E.2d 149, 153.

We believe the reasoning and result in *Spencer v. American United Cab Association*, 59 Ill. App. 2d 165, 208 N.E.2d 118, should be followed and as applied to the facts of this case, such reasoning requires that the trial court should have vacated the judgment in its entirety.

There are two additional considerations which should be mentioned that also support our conclusion. First, there are several cases which have commented upon the failure of the parties securing a default to make any effort to notify the defaulted party of the judgment. (See, *e.g.*, *Ellman v.*

*De Ruiter*, 412 Ill. 285, 106 N.E.2d 350.) While these cases do not require notice as a condition precedent to the validity of the judgment, it is clear the failure, in the language of the decisions, cast a "cloud" on the party seeking to sustain his judgment. Such conduct is of course material in determining whether any prejudice or hardship will result to the successful party and the delay in notifying the other party is of obvious significance in concluding that no prejudice or hardship resulted. In the second place, as noted earlier in this opinion, the trial court did vacate a portion of the judgment finding that to do otherwise would be unjust. It is difficult to see why justice would not also be served by vacating the judgment in its entirety. For the foregoing reasons the judgment of the circuit court of Bureau County is reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

STENGEL, P. J., and SCOTT, J., concur.