STEINBERG'S DEPARTMENT STORE, INC., a/k/a Steinberg's Furniture, Plaintiff-Appellant, *v.* MARY BAYSINGAR, Defendant-Appellee.

Third District   No. 79-894

Opinion filed July 8, 1980.

Donald R. Rayfield, of Pierson & Maloney, of Princeton, for appellant.

Watts C. Johnson, of Johnson, Martin & Russell, of Princeton, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by plaintiff Steinberg's Department Store (hereinafter referred to as Steinberg's) from the order of the Circuit Court of Bureau County granting defendant Mary Baysingar's motion to vacate

judgment, pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The original action, in which default judgment against the defendant was entered, was brought to recover the cost of furniture and appliances purchased by Baysingar from Steinberg's. The issue on appeal is whether the court erred in granting the defendant's section 72 motion to vacate the judgment. Steinberg's argues that the court abused its discretion in vacating the judgment, in that the defendant failed to show either a meritorious defense or due diligence. Issue is also taken with the court's change of venue ruling, upon vacation.

The record reveals that on November 7, 1977, Mary Baysingar purchased various items of home furnishings from Steinberg's. At the time of sale she informed Steinberg's manager that the furnishings were to be used at her residence and should be delivered there. They were delivered to her residence. Again, on November 28, 1977, Mary Baysingar made a purchase of home furnishings and appliances from Steinberg's, and again she represented that the goods were for use in her residence, which is where she requested delivery and where the goods were delivered. As with the first sale, Mary Baysingar requested that she be billed for the goods at her place of employment, The Saz Restaurant.

After a number of unsuccessful attempts by Steinberg's to collect the debt, suit was instituted on May 2, 1979. Summons was served upon the defendant Mary Baysingar, at her residence, on May 4, 1979. On May 23, 1979, the day before the return day of the summons, defendant Mary Baysingar called Steinberg's attorney to inform him that she would be retaining an attorney. She requested of plaintiff's attorney that the matter be continued so that she could appear with her attorney. Steinberg's attorney agreed and informed Mary Baysingar that she would be given notice of the new hearing date. The following day a continuance was granted by the court and a new hearing date, June 21, was set for determination of the merits. Notice of the June 21 hearing date was mailed to defendant at her residence, the same residence at which service had been obtained by the sheriff.

Defendant Mary Baysingar failed to appear at the June 21 hearing or otherwise notify the court or counsel for Steinberg's. A default judgment was entered, on condition that Steinberg's attorney locate and file his affidavit of mailing of notice, which notice had been sent but was not in the court file at the time. The affidavit of mailing of notice was later filed with the court. Subsequent thereto, a citation to discover assets was served on the defendant Mary Baysingar by the sheriff on July 16, 1979, setting August 2, 1979, as the date for the hearing thereon. Prior to the hearing, Mary Baysingar again telephoned Steinberg's attorney. During their conversation, Steinberg's attorney informed the defendant that a default judgment had been entered against her. The defendant did not

appear at the August 2 hearing. An order for rule to show cause was entered thereafter and a copy was mailed on August 28, 1979, to the defendant. The following week, on September 4, 1979, Mary Baysingar appeared by counsel and filed her section 72 motion seeking to vacate the default judgment. The motion was supported by her affidavit. Steinberg's filed a motion to dismiss the section 72 action along with the affidavit of both Steinberg's manager and its attorney. A hearing on the motion was held, the court therein relying solely on the affidavits and pleadings. After the hearing, the court granted the defendant's motion to vacate the judgment. From this ruling, the plaintiff Steinberg's appeals.

The general rules applicable to section 72 petitions were recently summarized in *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 643, 400 N.E.2d 102, 106:

> "* * * A motion to vacate a default judgment pursuant to section 72 is addressed to the equitable powers of the court which entertains the petition. * * * Whether the petition should be granted lies within the sound discretion of the court and depends upon the facts and equities presented. * * * This court [an appellate court] is justified in disturbing the judgment of the trial court only when it finds that the discretion vested in the trial court has been abused. * * *.

> To warrant relief under section 72, a party must plead and prove facts sufficient to justify relief. * * * The quantum of proof necessary to sustain a section 72 petition is a preponderance of the evidence. * * * When seeking relief from a default judgment, the petition must affirmatively set forth facts showing both the existence of a meritorious defense and the exercise of due diligence on the part of the petitioner in presenting the defense to the lawsuit as well as presenting the section 72 petition. * * * It is essential that both elements, meritorious defense and due diligence, be shown since the purpose of a section 72 proceeding is to bring facts not appearing of record to the attention of the trial court which, if known to the court at the time the judgment was entered, would have prevented its rendition. * * * Accordingly, the petitioner must show that his failure to defend was the result of an excusable mistake and that he acted reasonably, and not negligently, when he failed to initially resist the judgment. * * *"

■■ The basis for the first requirement of a successful section 72 motion, that being the existence of a meritorious defense, is found in the instant case in defendant Mary Baysingar's factual assertion, by way of affidavit, that the debt sued upon was incurred by her as an employee for The Saz, Inc., and that, therefore, it is properly the indebtedness of The Saz, Inc., and not hers. The fact of her connection with The Saz and the fact that

bills for the purchased goods were sent to her at The Saz were also established in the record before the court. If the debt Steinberg's is seeking to collect is not that of Mary Baysingar, but truly that of The Saz, Inc., then Mary Baysingar has a meritorious defense to the action against her. (*National Industries Inc. v. Howard* (1977), 54 Ill. App. 3d 416, 369 N.E.2d 597.) While the defense objects that Mary Baysingar's factual support is conclusory, their evidence in opposition does not directly dispute her factual assertion that the debt was actually incurred by her on behalf of The Saz. They rely upon the fact that she did not inform them of that fact and that she represented that the goods were for personal use. The trial court, in reviewing all the evidence, concluded that the defendant had shown a meritorious defense such as to entitle her to section 72 relief. We find no abuse of discretion in that conclusion and finding.

Turning next to the due diligence requirement under section 72, we find that the trial court did not err in finding that Mary Baysingar had established her due diligence in this matter. We noted in *Bird v. Kostbade* (1977), 52 Ill. App. 3d 741, 367 N.E.2d 1058, that:

"In considering the defendant's motion, the court is applying its equitable powers '* * * as justice and fairness require, to the end that one may not enforce a default attended by unfair, unjust or unconscionable circumstances.' (*Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 613, 190 N.E.2d 348, 350.) In order to resolve disputes efficiently and fairly our judicial system requires that parties respond in accord with the rules which have been established. Section 72 of the Civil Practice Act, as interpreted and applied by such cases as the *Elfman* case, does provide for situations where relief can be granted where there has not been literal compliance with the rules. In so doing the courts are primarily concerned with determining whether a party has willfully disregarded the process of the court or is so indifferent to it that he is chargeable with culpable negligence. If a reasonable excuse is shown then a party should be permitted to have his day in court, provided of course that no prejudice or hardship results to the opposing party." (52 Ill. App. 3d 741, 743.)

We find that the record in the instant case does not establish either willful disregard of the court's process or behavior so indifferent as to be chargeable as negligence, such as to support a finding that the court abused its discretion in vacating the default judgment. The court did not err in finding that she had shown a reasonable excuse for her failure to respond. Mary Baysingar's continuing interest in and attention to this case, and thereby her lack of indifference, is evidenced by her behavior in pursuing the case. She telephoned opposing counsel after receiving the

summons and indicated that she intended to contest the matter. She requested a continuance for the purpose of preparing and to obtain counsel. A continuance by agreement was obtained from the court. A new hearing date was set and notice of it was sent to the defendant at her residence. She did not appear at the hearing on the merits. That she did not appear or otherwise respond to the notice of the hearing on the merits is explained by her change of residence at that time and the resulting failure of notice to reach her at her new residence. This is set forth in her affidavits. Thus, her absence at the hearing on the merits was not the result of willful disregard or indifference, but the failure of notice to reach her. Default judgment was entered at the hearing, but because no service of summons to confirm the judgment was issued, the defendant did not have any notice of the default. The first notice of the default judgment, and of any further proceedings from the filing of the complaint, was Mary Baysingar's receipt, by way of service, of the citation to discover assets. In her affidavit in support of the section 72 action, the defendant states that she believed that the citation was merely the notice of a hearing on the complaint and that she did not realize that a judgment had been rendered against her already. She apparently treated the citation as the notice she was expecting with regard to setting a new hearing date on the merits. She did telephone Steinberg's attorney, both to inquire of the notice and to question why the action was in Bureau County since the parties all resided in La Salle County. According to defendant's affidavit, their attorney advised her to show up at the citation proceeding. She did not do so, but within a little more than a month from the hearing, she filed her section 72 action. To support her due-diligence argument, defense counsel points to the fact that the defendant is a layman, unsophisticated in legal matters, and thus her confusion and misunderstanding of the papers received, especially in light of her failure to receive notice of the hearing on the merits, is reasonable, understandable and excusable.

■■ The record clearly indicates Mary Baysingar's interest in the case and her desire to defend. Neither willful disregard for process nor indifference rising to negligence is established in the record. The only notice received, which was not responded to, was the citation to discover assets, and the record is sufficient to support the conclusion that, as a layman under the circumstances, she did not understand its meaning and import. We cannot conclude that, under the circumstances, the trial court abused its discretion in finding that Mary Baysingar had shown a reasonable excuse for her failure to respond and had thereby established her due diligence in this matter. We would note that no prejudice results to Steinberg's from the result ordered by the trial court. The attorney for Steinberg's, at oral argument of this case, represented that Steinberg's did not want to take advantage of the defendant on a technicality and he stated that they would be prepared to try the case on the merits if the trial

court's action were to be affirmed. We have concluded that the trial court's action in vacating was within its discretion and is, therefore, affirmed.

■■ A final issue remains regarding the circuit court's order in this case. In addition to granting the section 72 motion and vacating the default judgment, the court also ordered a change of venue, on defendant's motion. Steinberg's, on appeal, argues that section 72 of the Civil Practice Act makes no provision for a change of venue of the underlying cause, and that the court erred in ordering the change of venue within the section 72 proceeding. We agree. A section 72 petition commences a new cause of action and is not a continuation of the original proceeding. (*Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527.) The venue of the original action, when not directly in issue as part of the section 72 action, is not properly a matter to be determined in the section 72 proceeding. The proper avenue for that defendant to argue her request for a change of venue is before the circuit court, upon remandment for further proceedings. It was not properly presented, or ruled upon in the section 72 action and the change of venue order which was entered is hereby reversed and vacated.

Affirmed in part, reversed in part, and remanded for further proceedings.

STOUDER and BARRY, JJ., concur.