RAYMOND A. BENO, d/b/a Orland Park Schwinn Cyclery, Plaintiff-Appellee, *v.* DeBOER ASPHALT PAVING COMPANY, INC., Defendant-Appellant.

Third District    No. 82—746

Opinion filed May 24, 1983.

872

Scot A. Silzer, of Palos Heights, for appellant.

Donald L. Wennlund & Associates, of New Lenox, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, DeBoer Asphalt Paving Co., Inc., an Illinois corpo-

ration, appeals from the denial of its motion to vacate a default judgment entered in favor of the plaintiff, Raymond A. Beno, d/b/a Orland Park Schwinn Cyclery. We reverse the judgment of the circuit court of Will County and remand the cause.

The undisputed facts show that the plaintiff filed suit against the defendant on August 28, 1981, for breach of contract and negligence. Specifically, the plaintiff alleged that the defendant failed to use the proper amount of stone in the base of a parking lot installed by the defendant for the plaintiff. A trial date of July 26, 1982, was set.

On May 26, 1982, the defendant forwarded interrogatories and a notice to produce to the plaintiff. On July 22, 1982, counsel for the defendant, Scot A. Silzer, was notified of the death of its principle witness. The defendant also received the plaintiff's responses to its interrogatories and notice to produce on this day. The plaintiff proceeded to trial on July 26, 1982, and, because the defendant did not appear, was granted a default judgment.

The order granting judgment was entered July 30, 1982. The defendant received notice of the judgment on August 31, 1982. The defendant subsequently filed its motion to vacate the default judgment on September 23, 1982. It is from the denial of this motion that the defendant appeals.

The defendant contends on appeal that the court abused its discretion in denying its motion to vacate the default judgment. The plaintiff in response denies that the court abused its discretion and asserts that the defendant has failed to provide an adequate record on review.

■ We initially address the plaintiff's allegation that the record is inadequate. The order of the court denying the defendant's motion establishes that the court's finding was based solely on arguments of counsel, motions and affidavits. Because there was no testimony given, the transcript of the hearing on the defendant's motion is not vital to a review of the issues presented by this appeal. It is the appellant's responsibility to see that the record on appeal is complete. (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115.) We find that the defendant has fulfilled his responsibility by including within the record the motions and affidavits on which the trial court's finding was based.

■ The substantive issue raised by the defendant is whether the trial court erred in denying its motion to vacate. The defendant's motion was filed pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72). A mo-

tion under section 2—1401 is addressed to the equitable powers of the court and whether such motion should be granted depends upon the facts and equities presented. (*Steinberg's Department Store, Inc. v. Baysingar* (1980), 86 Ill. App. 3d 1140, 409 N.E.2d 8.) Relief is granted under this section in order to achieve justice, and a liberal construction is used to achieve that end. *Electrical Wholesalers, Inc. v. Silverstein* (1977), 47 Ill. App. 3d 689, 365 N.E.2d 375.

In order for a party to be entitled to relief from a default judgment under this section, the party must present facts demonstrating the existence of a meritorious defense and the exercise of due diligence in responding to the process of the court. (*Bird v. Kostbade* (1977), 52 Ill. App. 3d 741, 367 N.E.2d 1058.) In the instant case, the defendant set forth facts in its affidavit demonstrating a meritorious defense. The defendant attached to its affidavit a copy of its receipt for the purchase of stone showing that the requisite amount of stone for the parking lot was purchased by the defendant. If the requisite amount of stone was used in the construction of the plaintiff's parking lot, the defendant has a meritorious defense.

The only issue then remaining is whether the defendant acted with due diligence. The parties disagree on the facts relevant to the resolution of this question. Attorney Silzer states in his affidavit that he called the attorney for plaintiff, Donald L. Wennlund, on July 23, 1982, and requested that the trial be continued because of the death of the defendant's witness and the late receipt of the plaintiff's responses to discovery. Because Wennlund was not in his office, Silzer left a message that Wennlund should notify him if a continuance was not acceptable. Silzer also states that he phoned Wennlund on July 29, 1982, and on two additional occasions prior to notice of the judgment, in order to determine the status of the suit. Attorney Wennlund, in his affidavit, responds that no phone call was received in his office from the defendant's counsel during the period from July 20 to July 26, 1982. However, Wennlund does not deny in his affidavit that he received the phone calls placed by Silzer on July 29 and thereafter.

In order to demonstrate due diligence, a party must show that his failure to defend was the result of an excusable mistake and that he acted reasonably, and not negligently, when he failed initially to resist the judgment. (*Steinberg's Department Store, Inc. v. Baysingar* (1980), 86 Ill. App. 3d 1140, 409 N.E.2d 8.) The courts are primarily concerned with determining whether a party has wilfully disregarded the process of the court or is so indifferent to it that he is chargeable with culpable negligence. (*Bird v. Kostbade* (1977), 52 Ill. App. 3d 741, 367 N.E.2d 1058.) However, the issue of due diligence requires a

consideration of all the attendant circumstances. (*M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560.) Delay in notifying a defaulted party of the default judgment until more than 30 days after its entry casts a cloud on the proceedings. *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Bird v. Kostbade* (1977), 52 Ill. App. 3d 741, 367 N.E.2d 1058.

In the instant case, there is conflicting evidence as to whether Silzer contacted Wennlund's office on July 23, 1982. However, it is undisputed that Silzer attempted to contact Wennlund at his office on July 29, 1982, and thereafter without receiving any response. This fact lends credence to Silzer's assertion that he did in fact call on July 23. This fact also demonstrates that Wennlund was aware of Silzer's concern with the progress of the case but purposely failed to inform Silzer of the entry of the default judgment. Wennlund notified Silzer of the judgment against the defendant only after 30 days had elapsed from the granting of that judgment.

It is clear from these facts that Silzer relied on Wennlund both for the securing of a continuance and for information on the progress of the case. Given the adversary nature of the legal system and the ease with which such information could have been obtained from the trial court itself, Silzer's actions were unwise and certainly not to be condoned by this court. However, we do not find that such actions constituted wilful disregard or indifference to the process of the court.

A court of review is justified in disturbing the trial court's decision under section 2—1401 only if the trial court has abused its discretion (*Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 404 N.E.2d 554.) We have considered all of the circumstances attendant in the instant case, including the conduct of the attorneys for both parties. Given these circumstances, the general principles of equity, and the goals of justice and fairness which underlie section 2—1401, we find that the trial court abused its discretion in denying the defendant's motion to vacate the default judgment entered against it.

Therefore, the judgment of the circuit court of Will County is reversed and the cause remanded.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.