GENESIS AND SONS, LTD., f/u/o American States Insurance Company, Subrogee, Plaintiff-Appellee, v. JOHN E. THEODOSOPOULOS, Defendant-Appellant.

Second District   No. 2—91—0304

Opinion filed December 31, 1991.

Grace Elizabeth Wein, of Malek & Wein, P.C., of Chicago, for appellant.

No brief filed for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Genesis & Sons, Ltd., f/u/o American States Insurance Company, subrogee, filed a small claims complaint seeking $1,373.23 in property damages arising from an automobile accident on December 6, 1988, involving defendant, John E. Theodosopoulos. Defendant

appeals from the trial court's denial of his section 2—1401 petition (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) to vacate the *ex parte* (default) judgment entered October 1, 1990, in favor of plaintiff. We reverse and remand.

The issue on appeal is whether the trial court erred in denying defendant's section 2—1401 petition to vacate where defendant alleges that plaintiff purposefully failed to notify defendant of the default judgment of October 1; defendant was diligent in defending the underlying claim and in filing the section 2—1401 petition notwithstanding defense counsel's docketing error as to the trial date; and defendant claimed that he had a meritorious defense to the claim.

Defendant has not provided this court with a report of the proceedings or an agreed statement of facts. Accordingly, any doubts resulting from the incompleteness of the record will be resolved against the defendant as appellant. (See *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, 1099.) Additionally, because plaintiff has not submitted an appellee's brief, this appeal will be considered under the guidelines established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The common-law record discloses that defendant was personally served on January 9, 1990. On March 26, 1990, Rodney J. Nestmann, the driver for Genesis (plaintiff), filed an affidavit stating his version of the accident, including a statement that defendant's car collided with the rear of the affiant's vehicle, causing affiant's vehicle to collide with the rear of the vehicle immediately in front of his; appended was an itemized repair estimate of the damages to the vehicle he was driving. The record also discloses that, on March 26, 1990, defendant having been found in default for failing to appear, a default judgment was entered for plaintiff and against defendant in the amount of $1,373.23.

Defendant subsequently filed his appearance through his attorney on April 25, 1990, and filed a motion to vacate the default judgment, alleging that the damage to plaintiff's vehicle was not caused by defendant where plaintiff's driver was involved in a rear-end collision with another vehicle. Defendant sought a trial on the merits. Defendant's motion was granted, and trial was set for May 9, 1990; this date was continued to June 19, 1990. The affidavit of defendant's attorney submitted with the section 2—1401 petition states that she agreed to continue the trial to October 1, 1990. Plaintiff's response to the section 2—1401 petition does not dispute that fact.

Defense counsel further averred in the petition that, through inadvertence, the October 1 date was not properly docketed within the

docketing system of her law firm, and she failed to appear on the date set for trial. Defense counsel also averred that plaintiff's counsel did not call her to determine if she would be present for trial or if there was any confusion as to the trial date. Defense counsel also averred that the first time she was aware that a default judgment was entered on October 1, 1990, was when plaintiff's counsel notified defendant's insurer and she learned of the judgment from defendant's insurer; she also claimed that this notice was after 30 days from the entry of judgment. Defendant noted that plaintiff's counsel did not notify defendant of the default judgment contrary to the provisions of section 2—1302(a) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1302(a)). Defense counsel had a telephone conversation with plaintiff's counsel during the week of November 10, 1990, regarding the repair estimates.

Plaintiff's response to defendant's section 2—1401 petition does not deny that plaintiff's counsel failed to contact defense counsel on October 1, 1990, to determine whether she intended to appear or if there was any confusion as to the trial date. Plaintiff merely states that this allegation is not relevant to the issues before the court. Plaintiff's response does acknowledge that "notice of the default judgment was sent to the insurance carrier for the Defendant which had retained attorneys for the Defendant, if not directly to the law firm itself." Plaintiff did not deny that the notice had been sent more than 30 days after the entry of the default judgment.

Appended to defendant's reply brief in support of his petition is an exhibit of a letter dated November 12, 1990, from plaintiff's counsel to defense counsel. The letter stated the amount of the bills being sent at plaintiff's request and stated that plaintiff would delay reporting the unsatisfied judgment to the Secretary of State and that there was an enclosed copy of the judgment. Also appended to defendant's brief was the affidavit of defendant regarding his version of the accident and asserting that there was no damage to the rear of plaintiff's vehicle that he could see at the scene and that he did not cause damage to the front of plaintiff's vehicle. Defendant concluded that he had a meritorious defense to the claim.

On February 5, 1990, defendant's section 2—1401 petition to vacate was denied. No reason for the denial is stated in the order, and no report of the proceedings has been furnished to this court.

Defendant argues that the following factors warrant a vacatur of the October 1 order: (1) plaintiff's failure to notify the defendant of the *ex parte* (default) judgment of October 1, 1990, was deliberate and contrary to section 2—1302(a) of the Code; (2) defendant has alleged

due diligence in defending the cause and in filing his section 2—1401 petition; and (3) defendant has asserted that he has a meritorious defense. On the facts presented by the record, we believe that the trial court erred in denying defendant's petition.

To be entitled to relief under section 2—1401, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221.) The quantum of proof necessary to sustain such a petition is a preponderance of the evidence, and whether the petition should be granted lies within the sound discretion of the trial court, depending on the facts and equities presented. (*Airoom,* 114 Ill. 2d at 221.) A reviewing court is justified in disturbing the judgment of the trial court only if it finds that the court abused its discretion. *Airoom,* 114 Ill. 2d at 221.

The failure of the plaintiff's attorney to give the statutory notice to defendant does not by itself invalidate the judgment. (*Kaput v. Hoey* (1988), 124 Ill. 2d 370, 379.) While delaying notification over 30 days is *a* factor to be considered in determining whether plaintiff has acted so unfairly as to justify relaxation of the due diligence requirement, it is not by itself a sufficient basis for doing so. *Flisk v. Central Area Park District* (1990), 203 Ill. App. 3d 253, 258, citing *Airoom,* 114 Ill. 2d at 227.

Due diligence requires that the section 2—1401 petitioner have a reasonable excuse for failing to act within the appropriate time; section 2—1401 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistake or neglect, and he is not entitled to relief unless he shows that, through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. (*Airoom,* 114 Ill. 2d at 222.) The petitioner must show that his failure to defend is the result of an excusable mistake and that under the circumstances he acted reasonably and not negligently when he failed to resist the judgment. (*Airoom,* 114 Ill. 2d at 222.) In determining the reasonableness of the excuse offered by the petitioner, all of the circumstances attendant upon entry of the judgment must be considered, including the conduct of the litigants and their attorneys. *Halle v. Robertson* (1991), 219 Ill. App. 3d 564, 569.

Section 2—1401 does not afford a remedy whereby a litigant may be relieved of the consequences of his own mistakes or his counsel's

negligence; a litigant has the obligation to follow the progress of his case (*Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 511), and the inadvertent failure to do so is not a ground for relief (*Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 751). We do not believe that mere inadvertence or inattention on the part of defendant's attorney to docket the cause properly and appear at trial, as shown by the record in this cause, will ordinarily be sufficient to overcome the due diligence requirement. See, *e.g., Flisk,* 203 Ill. App. 3d at 257; *Carroll Service Co. v. Schneider* (2d Dist. 1986), 144 Ill. App. 3d 38, 41 (breakdown in law office procedure resulting in failure to file answer was not excusable neglect; *Carroll* rejected as inconsistent with second district authority the standard of "wilful disregard or indifference to the legal process" found in *Bird v. Kostbade* (3d Dist. 1977), 52 Ill. App. 3d 741, a decision relied upon by the present defendant on appeal).

Defendant seeks to excuse his own conduct and shift the blame to plaintiff. A stronger showing of the opposing party's misconduct such as fraud or deception would be required for us to relax the due diligence rule. (See *Stallworth,* 83 Ill. App. 3d at 752.) Had defendant kept abreast of the litigation, he would have known of the trial date and of the *ex parte* judgment of October 1. It is defendant's overall conduct or that of his attorney that led to the judgment against him.

However, one of the guiding principles in the administration of section 2—1401 relief is that the petition invokes the equitable powers of the circuit court, which should prevent enforcement of a default judgment when it would be unfair, unjust or unconscionable. (*Airoom,* 114 Ill. 2d at 225; *Halle,* 219 Ill. App. 3d at 569.) The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and for the furtherance of justice. (*Airoom,* 114 Ill. 2d at 225.) Because a section 2—1401 petition is addressed to equitable powers, courts have not considered themselves strictly to be bound by precedent, and where justice and good conscience may require it, a default judgment may be vacated even though the requirement of due diligence has not been satisfied. (114 Ill. 2d at 225.) Thus, it becomes necessary to examine the conduct of the parties in this case. *Halle,* 219 Ill. App. 3d at 569.

The first trial date in this case, May 9, 1990, was continued to June 19, 1990, by agreement of the parties, who wished to explore settlement possibilities. The trial date of June 19, 1990, was continued to October 1, 1990, at the request of the plaintiff, who was not ready for trial. We note and plaintiff does not deny that defense counsel

agreed to the continuance. Defense counsel candidly admits that the trial date of October 1, 1990, was misdocketed in her office. Plaintiff does not deny that plaintiff's counsel made no effort to contact defense counsel on the day of trial to ascertain if she intended to appear or if there was any confusion as to the trial date even though defense counsel had previously appeared when the case was in court. Further, although section 2—1302 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1302) requires that the attorney for the prevailing party "shall *immediately* give notice thereof to each party who has appeared, against whom the order was entered, or such party's attorney of record," (emphasis added) plaintiff failed to do so. Plaintiff argued in its response to defendant's petition that it sent notice of the default judgment to the defendant's insurance company. However, defendant's insurance company is not a "party, who has appeared." Moreover, plaintiff does not deny that the notice to the insurance company was sent more than 30 days following the entry of the default judgment. Certainly, such a time lapse does not meet the statutory requirement of "immediately."

We find under the particular circumstances of this case that the alleged breach of professional conduct is sufficient to constitute unconscionable conduct so that we may ease the due diligence requirement. (*Cf. Airoom*, 114 Ill. 2d 209 (alleged breach of professional conduct, *i.e.*, failure to give notice of entry of default judgment, not sufficient where defense counsel had no appearance on file).) In the case at bar, defense counsel had an appearance on file, had appeared for two other trial dates and had courteously agreed to plaintiff's counsel's request for a continuance of the June 19, 1990, trial date. Except for the misdocketing of the October 1, 1990, trial date, there is no evidence that defense counsel was inattentive to or otherwise ignored the progress of this case. (See *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 875.) Against these facts, which, in its response to defendant's petition, plaintiff describes as "irrelevant," no explanation is offered by the plaintiff for its counsel's failure to investigate why, after she had appeared at the other trial dates, defense counsel was not present on October 1, 1990. Nor does plaintiff explain why the notice of the default judgment was sent to the defendant's insurance company instead of to the defendant himself (the party of record) or at least to defense counsel, with whom plaintiff's counsel had been dealing for several months. This conduct violates not only section 2—1302 but common sense as well. Together with the fact that the notice was sent more than 30 days after the entry of the default judgment, even without direct proof of a deliber-

ate effort on the part of plaintiff's counsel to conceal the entry of the default judgment from defendant and his counsel, we cannot condone such conduct by allowing a judgment achieved by such conduct to stand.

■ By our decision in this case, we are not relaxing our rule that breakdowns in law office procedures are not excusable negligence. (*Carroll Service Co. v. Schneider* (1986), 144 Ill. App. 3d 38, 41.) Ordinarily, a defense counsel's failure properly to docket a trial date, without more, would be insufficient to be awarded relief under section 2—1401. However, under the circumstances of this case, including plaintiff's counsel's failure to make any effort to determine the whereabouts of defense counsel on the date of trial, plaintiff's failure to comply with section 2—1302 and the evidence of defense counsel's attention to and participation in the case prior to the October 1, 1990, trial date, we find it appropriate to relax the applicable due diligence standards.

We further find that the defendant was diligent in filing his section 2—1401 petition. It is not disputed that neither defendant, his insurance company nor defense counsel was advised of the entry of the default judgment until sometime in November 1990. Defendant's section 2—1401 petition was filed on November 20, 1990.

Finally, we also find that the defendant has alleged a meritorious defense. Defendant's affidavit, which was attached to his reply brief to the section 2—1401 petition, states that plaintiff's vehicle had already collided with another vehicle before defendant arrived on the scene and struck plaintiff's vehicle and that he observed no damage to the rear of plaintiff's vehicle. We also note that while the judgment against defendant was entered in excess of $1,300, the repair bills submitted by the plaintiff for repairs to the rear of the vehicle were under $500. See *Beno*, 114 Ill. App. 3d 871.

Based on the above, we conclude that the trial court abused its discretion in denying defendant's petition for relief pursuant to section 2—1401. Accordingly, the judgment of the circuit court of Lake County is reversed, and this cause is remanded.

Reversed and remanded.

McLAREN and INGLIS, JJ., concur.