HELEN STORCZ, Plaintiff-Appellant, v. JAMES G. O'DONNELL, Defendant-Appellee.

First District (6th Division)   No. 1—92—3149

Opinion filed December 10, 1993.

Sandman, Levy & Petrich, of Chicago (Robert R. Dlugajczyk, of counsel), for appellant.

King & Davis, of Chicago (Timothy P. King, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff brought this action seeking recovery for personal injuries allegedly caused by negligent medical treatment rendered by defendant. After an order of default had been entered against defendant, but prior to judgment, the cause was dismissed for want of prosecution, and plaintiff moved to vacate the dismissal order. Plaintiff's motion to vacate was ultimately denied by the trial court after this court issued a Rule 23 order (see 134 Ill. 2d R. 23) which remanded for an evidentiary hearing on whether defendant had been properly served with the motion. Plaintiff appeals the denial of her motion to vacate the dismissal for want of prosecution.

The complaint, which was filed on August 31, 1984, alleged that plaintiff suffered personal injuries as a result of negligent medical treatment by defendant in September 1982. Specifically, the complaint alleged that defendant was negligent in failing to diagnose and treat plaintiff for diabetes and in advising her that she was not suffering from diabetes. The complaint asserted further that as a consequence of defendant's negligent conduct, her diabetes went undiagnosed and untreated until June 1983. According to the return

of service form contained in the record, defendant was personally served at 2209 West Cermak in Chicago, Illinois, on November 20, 1984.

On March 18, 1985, the trial court entered an order of default based upon defendant's failure to answer or appear, and a prove up was later scheduled for April 23, 1985. On that date, the cause was returned to the trial call. Over one year later, on May 23, 1986, the cause was dismissed for want of prosecution when the parties failed to appear at the regular trial call. On July 8, 1986, plaintiff filed a motion to vacate the dismissal order which asserted that plaintiff's counsel inadvertently failed to appear at the regular trial call. (735 ILCS 5/2—1401 (West 1992) (formerly section 2—1401 of the Code of Civil Procedure).) This petition was not supported by affidavit, and the record does not include a notice of motion or proof of service reflecting that this motion to vacate was served upon the defendant.

On February 25, 1987, nine months after the cause was dismissed for want of prosecution, plaintiff presented an amended motion to vacate the dismissal order which was virtually identical to the original motion which was filed July 8, 1986. The amended petition was also not supported by an affidavit. A notice of motion/proof of service form which accompanied the amended motion to vacate indicated that it had been sent to defendant, via regular mail and certified mail/return receipt requested, at 2209 West Cermak in Chicago, Illinois, on November 12, 1986. The record does not, however, contain the return receipt which accompanied the certified mailing of the notice of motion. On February 25, 1987, the trial court entered a written order which stated that "upon plaintiff's petition filed on July 8, 1986," the order dismissing the cause was vacated. In addition, the order reflected that the cause was reinstated, and a prove up date was set for March 25, 1987.

On September 16, 1987, the court entered a judgment of $300,000 on the default order previously entered against defendant. The written judgment order stated that a prove up had been held at which testimony was presented.

Plaintiff commenced citation proceedings to collect the judgment on October 28, 1987. Because the citation to discover assets was not served upon the defendant, the citation was continued first to January 28, 1988, then to February 29, 1988, and again to March 28, 1988. On March 28, 1988, the court ordered that because defendant had not been served, an alias summons was to issue against him, and the cause was continued to May 9, 1988. On that date, the court granted plaintiff leave to withdraw the citation to discover assets without prejudicing her right to refile.

On September 1, 1989, two years after judgment was entered against defendant, plaintiff filed another citation to discover assets. This citation was personally served upon defendant at 2918 West Pershing Road in Chicago, Illinois, on September 18, 1989. Based upon the defendant's failure to appear, the court issued a rule to show cause on October 3, 1989, which was returnable on November 2, 1989. The rule to show cause was personally served upon defendant on October 10, 1989.

October 18, 1989, defendant filed a "special and limited appearance" which specifically requested that the court set aside the default judgment and the order vacating the dismissal for want of prosecution. This document consisted of numbered paragraphs which asserted, *inter alia*, that the court lacked personal jurisdiction over defendant because he was never served with notice of the plaintiff's amended motion to vacate. Although stating that it was a "special and limited appearance for the sole purpose of objecting to the court's jurisdiction over [defendant]," the parties and the court treated this filing as a motion to vacate the default judgment. In support of his "special and limited appearance," defendant filed an affidavit which asserted that he was never served with notice of the February 25, 1987, amended motion to vacate; he had not worked or resided at 2209 West Cermak since July 15, 1985; and he had no knowledge of the suit until he was served with the citation to discover assets on September 18, 1989. Defendant sought to vacate the default judgment, claiming that it was void for lack of personal jurisdiction. The "special and limited appearance" was not predicated upon section 2—1401.

On November 2, 1989, the return date for the rule to show cause, the trial court entered an agreed order continuing the hearing on the rule to December 5, 1989, pending a hearing on defendant's motion to vacate. This hearing was scheduled for November 29, 1989, and the court entered a briefing schedule permitting plaintiff leave to respond to defendant's motion to vacate and granting defendant leave to reply. Plaintiff moved to strike the defendant's motion, claiming that it failed to comply with the requirements of section 2—1401 because it was devoid of any facts to establish that defendant had exercised due diligence in presenting his defense to the underlying action. Defendant filed a reply which asserted that because defendant had not been served with plaintiff's motion to vacate the dismissal for want of prosecution, the court lacked jurisdiction to vacate the dismissal and the subsequent default judgment was void. Defendant asserted further that because the default judgment was void, it could be attacked at any time either directly or collaterally.

On January 4, 1990, the trial court sustained plaintiff's motion to strike and ordered that the defendant's motion to vacate the default judgment be stricken. In rendering this ruling, the trial judge stated that defendant's affidavit was not credible on its face. Consequently, the default judgment and the rule to show cause against defendant, which had been continued pending disposition of his motion, remained pending.

On February 2, 1990, defendant filed a notice of appeal challenging the court's ruling of January 4, 1990. On February 7, 1990, defendant appeared for examination in the citation proceedings, and the rule to show cause was quashed.

This division issued a Rule 23 order on July 12, 1991, which reversed the court's ruling of January 4, 1990, and remanded the cause for an evidentiary hearing on the question of whether defendant had been properly served with notice of the plaintiff's motion to vacate the dismissal order. (*Storcz v. O'Donnell* (1st Dist. 1991), No. 90—0414 (unpublished order under Supreme Court Rule 23).) In accordance with the Rule 23 order, the court conducted an evidentiary hearing on March 3, 1992. Upon consideration of the evidence presented, the trial court determined that defendant had not been served with notice of plaintiff's motion to vacate and found that the default judgment was void for lack of personal jurisdiction over defendant. Accordingly, the court granted defendant's request to set aside the default judgment and the order which vacated the dismissal for want of prosecution. As a result, the posture of the case reverted to its status on May 23, 1986, when the dismissal for want of prosecution was entered.

On April 21, 1992, plaintiff presented a request to set for hearing her motion to vacate the dismissal for want of prosecution and to reinstate the case. This motion, which was originally filed on July 8, 1986, and was subsequently amended on February 25, 1987, was served upon the defendant in Camden, New Jersey, on April 30, 1992. Defendant responded to this request, and plaintiff filed a reply. On August 11, 1992, the trial court denied plaintiff's motion to vacate the dismissal for want of prosecution entered on May 23, 1986. Plaintiff appeals, contending that the trial court erred in denying her motion to vacate the order of May 23, 1986, which dismissed the action for want of prosecution.

Plaintiff contends that her petition which was originally filed on July 8, 1986, amended on February 25, 1987, and served upon defendant on April 30, 1992, was in full compliance with the requirements of section 2—1401 and with Supreme Court Rule 105(b). We disagree.

■ The purpose of a petition under section 2—1401 is to bring

before the court matters of fact not appearing in the record, which if known to the court at the time the judgment was entered, would have prevented its rendition. (*Glenn v. People* (1956), 9 Ill. 2d 335, 340, 137 N.E.2d 336; *Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 240-41, 454 N.E.2d 806; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690, 306 N.E.2d 510.) Although the petition must be filed in the original proceeding, it is not a continuation thereof, but is the commencement of a new cause of action. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 279, 433 N.E.2d 253.) Where the petition fails to state facts sufficient to warrant relief, it is subject to a motion to dismiss. *Ostendorf*, 89 Ill. 2d at 279-80.

■ In order to be legally sufficient, a request for relief under section 2—1401, based on matters outside the trial record, must be supported by the sworn allegations of the party or parties having personal knowledge of the relevant facts, set forth either by verified petition or by attached affidavit. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284.) A petition which is not verified and not supported by affidavit is insufficient as a matter of law. *Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 751, 404 N.E.2d 554; *Mitchell*, 68 Ill. App. 3d at 482.

■ To warrant relief under section 2—1401, the petitioner must allege and prove that she has a meritorious defense; that it was through no fault or neglect of her own that the meritorious defense was not presented to the trial court; that she exercised due diligence in defending the original action; and that she exercised due diligence in filing the petition for section 2—1401 relief. *Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 148, 496 N.E.2d 1045; *Mitchell*, 68 Ill. App. 3d at 482.

■ In order to demonstrate due diligence, a party must show that the failure to appear or defend was the result of an excusable mistake and that she acted reasonably, and not negligently, when she failed to initially resist the judgment. (*Beno v. De Boer Asphalt Paving Co., Inc.* (1983), 114 Ill. App. 3d 871, 874, 449 N.E.2d 1021; *Steinberg's Department Store, Inc. v. Baysingar* (1980), 86 Ill. App. 3d 1140, 1142, 409 N.E.2d 8.) In reviewing the element of due diligence, the primary concern is whether a party has willfully disregarded the process of the court or is so indifferent to it that she is chargeable with culpable negligence. (*Beno*, 114 Ill. App. 3d at 874.) Section 2—1401 does not afford a remedy to relieve a litigant of the consequences of his own mistakes or his counsel's negligence. (*Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 856, 462 N.E.2d 629.) The petitioner must affirmatively set forth specific factual allegations supporting a

claim of due diligence. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381.

A court of review is justified in disturbing the trial court's decision under section 2—1401 only if the trial court has abused its discretion. *Smith*, 114 Ill. 2d at 221.

■ In the instant case, neither the original petition, filed July 8, 1986, nor the amended petition, filed February 25, 1987, was verified or supported by an affidavit attesting to the facts, not appearing in the record, which would justify granting relief under section 2—1401. In addition, neither petition contains factual allegations which establish that the plaintiff acted with due diligence in pursuing her cause of action or in presenting the section 2—1401 petition. Rather, plaintiff made only conclusory allegations that her counsel had acted with due diligence. Moreover, the plaintiff did not assert that her failure to appear was the result of an excusable mistake and that she acted reasonably, not negligently, in failing to initially resist the dismissal. Instead, plaintiff offered only "inadvertence" and "clerical error" in explanation for her failure to appear. Because plaintiff's petition fails to comply with the requirements of section 2—1401, it was insufficient to warrant relief under that section, and the trial court acted properly in denying the relief requested therein.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.