PRONTO TWO LTD., Plaintiff-Appellee, v. TISHMAN SPEYER MONROE VENTURE *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—93—0551

Opinion filed August 2, 1995.

Louis D. Bernstein and Paul W. Carroll, both of Gould & Ratnerr, of Chicago, for appellants.

Gregory A. Friedman, of Friedman & Holtz, P.C., of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Pronto Two Ltd., filed this case against defendants,

Tishman Speyer Monroe Venture, an Illinois limited partnership, *et al.* (defendants), seeking damages based on actions for breach of contract, fraud and misrepresentation. All of the causes of action relate to the leasing and construction of a restaurant. The case was dismissed for want of prosecution. Plaintiff filed a petition to vacate the dismissal pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)), which was granted. Defendants have appealed from the granting of the section 2—1401 petition. We affirm.

During the pleading stages of the case, plaintiff's second amended complaint was dismissed. Plaintiff filed a motion to reconsider or, in the alternative, leave to file a third amended complaint. On December 13, 1990, the trial court reconsidered its dismissal, found that count I (negligent misrepresentation) and count II (fraud) of the third amended complaint stated valid causes of action, and allowed those two counts to stand. Thereafter, several letters were sent between plaintiff's counsel and defendants' counsel, relating to the scheduling of depositions and possible settlement of the case.

On March 19, 1992, the case appeared on the trial call for cases to be assigned for trial. Defendants' counsel appeared, but plaintiff's counsel was not present and the case was dismissed for want of prosecution because no one appeared on behalf of the plaintiff. Plaintiff's counsel was not aware that the case appeared on the trial call and did not learn of the dismissal until November 2, 1992.

Prior to learning that the case had been dismissed, on May 27 and October 21, 1992, plaintiff's counsel sent letters to defendants' counsel regarding the scheduling of two depositions that had been previously sought by plaintiff's counsel. Defendants' counsel did not respond to the May 27, 1992, letter. In response to the October 21, 1992, letter, defendants' counsel sent plaintiff's counsel a letter on October 27, 1992, stating that "the scheduling of the depositions is moot since this case was dismissed for want of prosecution on March 19, 1992." Plaintiff's counsel received the letter on November 2, 1992.

On November 4, 1992, plaintiff's counsel filed a section 2—1401 petition to vacate the dismissal for want of prosecution. On January 13, 1993, the trial court granted plaintiff's section 2—1401 petition and vacated the dismissal for want of prosecution order of March 19, 1992. It is from the January 13, 1992, order that defendants have appealed.

Defendants raise two points on appeal. Defendants contend that "the trial court erred in finding that a meritorious cause of action existed," and that "the trial court erred in finding that due diligence was established." These contentions must be examined from the

established perspective for reviewing a trial court's ruling on a section 2—1401 petition.

■ Although a successful section 2—1401 motion must show a meritorious cause and the exercise of due diligence, the determination of whether or not to grant the petition lies in the discretion of the trial court and will not be disturbed absent an abuse of that discretion. In addition, one of the guiding principles in the administration of section 2—1401 relief is that the petition invokes the equitable powers of the court, which should prevent enforcement of a judgment or dismissal of an action when it would be unfair, unjust or inequitable. See *O'Malley v. Powell* (1990), 202 Ill. App. 3d 529, 532, 534, 559 N.E.2d 981, 984.

In the present case, prior to the dismissal for want of prosecution being entered, defendants had filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure. (735 ILCS 5/2—615 (West 1992).) The motion was granted. Plaintiff filed a motion to reconsider and submitted to the trial court a third amended complaint. In granting plaintiff's motion for reconsideration, the trial court, Judge Thomas P. Quinn, stated: "After having reviewed the briefs and the proposed Third Amended Complaint, this court grants the plaintiff's motion as it relates to allegations concerning misrepresentations as to building tenant capacity (Count 1, pars. 70 (a) (b); and Count 2, pars. 70 (a) (b))."

Subsequently, in granting the plaintiff's section 2—1401 petition to vacate the dismissal for want of prosecution, the trial court, Judge Julia M. Nowicki, stated: "But I'm also referring to Judge Quinn's order where he at least thinks there is a claim at least as to subparagraphs, that there is certainly the possibility of a meritorious claim at this point, so I am—while recognizing great frustration on the part of the respondent to this motion, I'm going to grant the motion. The 2—1401 motion will be granted." The trial court's written order provides: "The motion to vacate is hereby granted and this cause is hereby reinstated. The plaintiff having satisfied the Court that it has meritorious claims and acted with due diligence."

■ Under the circumstances, two learned trial court judges separately reviewed the plaintiff's case and both agreed that the plaintiff has shown meritorious causes of action for negligent misrepresentation and fraud. Their findings are entitled to deference. Moreover, the record clearly supports their conclusions. The record manifests that the section 2—1401 petition shows meritorious causes of action for misrepresentation and fraud in connection with the restaurant lease and building construction that is involved in this case. More specifically, the allegations that misrepresentations and

fraudulent representations were made about the number of people that the building was designed to accommodate, and the number of people utilizing the building at a particular time, are sufficient to state meritorious causes of action.

As part of their argument that no meritorious cause of action was shown, defendants claim that at the time the trial court ruled on the section 2—1401 petition, the trial court should not have considered the third amended complaint because it had not been filed. The record clearly shows, however, that previously Judge Quinn had considered the third amended complaint and therefore accepted it as being before the court when he granted the plaintiff's motion to reconsider the section 2—615 dismissal. Thus, at the time Judge Nowicki later ruled on the section 2—1401 petition, there is no question that she properly considered the third amended complaint. Moreover, plaintiff was given leave to file the third amended complaint at that time *instanter*. Defendants' argument is therefore unavailing.

Also, as part of their argument that no meritorious cause of action was shown, defendants argue that "hearsay declarations of counsel are insufficient to show the existence of a meritorious claim." Defendants claim on appeal that plaintiff's counsel's affidavit that was attached to the section 2—1401 petition is based on hearsay. Defendants, however, did not file a motion to strike the affidavit in the trial court. Absent a motion to strike the affidavit, defendants cannot now be heard to attack the affidavit on grounds that could have been heard by the trial court in a motion to have it stricken. (*Bysom Enterprises, Ltd. v. Peter Carlton Enterprises, Ltd.* (1994), 267 Ill. App. 3d 1, 6, 641 N.E.2d 838, 842.) Moreover, the section 2—1401 petition contains a detailed description of the facts underlying plaintiff's causes of action and defendants have filed no pleading denying the allegations. The allegations are therefore accepted as true on review of the trial court's ruling. (*Storm v. Ben-Lee Motor Service Co.* (1973), 11 Ill. App. 3d 516, 519, 298 N.E.2d 315, 317.) In addition, although plaintiff's counsel's affidavit incorporates the detailed facts set forth in the section 2—1401 petition, it is clear that the trial court relied on the whole record as presented in the section 2—1401 petition to determine whether meritorious causes of action existed. Defendants' contention is therefore untenable.

■ The next point raised on appeal by defendants is that "the trial court erred in finding that due diligence was established." In reviewing this point, we bear in mind that courts give a section 2—1401 petition a liberal construction to achieve principles of justice and fairness. Thus, due diligence within the context of a section 2—1401 petition means acting within a prescribed time or a reason-

able excuse for failing to act within the prescribed time. See *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 222, 499 N.E.2d 1381, 1386; *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 874, 449 N.E.2d 1021, 1023.

■ Here, at the time the dismissal for want of prosecution was entered on March 19, 1992, plaintiff's counsel was in California attending the taking of depositions in another case; he did not have a conscious awareness of any notice that the case was being called for trial; he moved his law office shortly after the dismissal was entered, which may account for the fact that he did not receive a notice of the dismissal from the clerk of the court; although defendants' counsel was present at the trial call when the dismissal was entered, he did not notify plaintiff's counsel of the dismissal even after receiving the May 27, 1992, letter from plaintiff's counsel requesting the scheduling of depositions; defendants' counsel notified plaintiff's counsel of the dismissal in a letter dated October 29, 1992, after he received a second letter from plaintiff's counsel requesting the scheduling of depositions; plaintiff's counsel learned of the dismissal on November 2, 1992; and plaintiff's counsel filed the section 2—1401 petition on November 4, 1992, immediately after speaking with defendants' counsel to confirm that the case had been dismissed.

Under the circumstances that we have stated, the trial court could reasonably conclude that plaintiff's counsel did not act so indifferent to the court process or the case that he is chargeable with culpable negligence. (See *Beno*, 114 Ill. App. 3d at 874, 449 N.E.2d at 1023.) Rather, a trial court could properly find that there was an excusable mistake or excusable negligence. Thus, the record does not demonstrate an abuse of discretion by the trial court in finding that plaintiff's counsel exercised due diligence *vis-a-vis* the section 2—1401 petition. Defendants' second point on appeal is therefore not tenable.

Accordingly, the trial court's order granting the section 2—1401 petition and reinstating the case is affirmed. The case is remanded for further proceedings consistent with what is stated herein.

Affirmed and remanded.

GREIMAN, P.J., and CERDA, J., concur.